**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**FROZEN STAR HOLDINGS II LLC,**

    **Plaintiff,**

**v.**            **Civil Action No.**

**POLLARD MANAGEMENT GROUP**   **4:21-CV-133-JHM**
**OF KENTUCKY LLC, JASON POLLARD**
**AND MATT HAAGA,**

    **Defendants.**

---

## COMPLAINT

---

   COMES NOW, Plaintiff, Frozen Star Holdings II LLC, by and through counsel and for

its Complaint against Defendants, Pollard Management Group of Kentucky LLC, Jason Pollard

and Matt Haaga states as follows:

### PARTIES, JURISDICTION AND VENUE

   1.  Plaintiff Frozen Star Holdings II LLC is a Delaware Limited Liability Company,

with its principal office and place of business in Wilmington, Delaware.

   2.  Defendant Pollard Management Group of Kentucky LLC is a Kentucky Limited

Liability Company, with is principal office and place of business in Madisonville, Kentucky.

   3.  Defendant Jason Scott Pollard is a resident of the Commonwealth of Kentucky and

has been such for all times relevant to this Complaint.

   4.  Upon information and belief, at all times relevant hereto, Defendant Jason Pollard

is the President and sole member of Pollard Management Group of Kentucky LLC.

5.      Upon information and belief, Defendant Matt Haaga is a resident of the State of Indiana.

6.      Upon information and belief, at all times relevant hereto, Defendant Matt Haaga served as an employee and/or consultant with Defendant Pollard Management Group of Kentucky LLC.

7.      As Defendant Jason Pollard is an employee of Defendant Pollard Management Group of Kentucky LLC at all time relevant hereto and Defendant Matt Haaga is an employee and/or agent of Defendant Pollard Management Group of Kentucky LLC at all times relevant hereto, Defendant Pollard Management Group of Kentucky LLC is chargeable with Defendant Jason Pollard and Defendant Matt Haaga's conduct under the legal and equitable doctrines of vicarious liability, specifically including, but not limited to the doctrines of employer/employee, master/servant, principle/agent, non-delegable duty and respondent superior.

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based upon complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

9.      Venue is proper with the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1391(a) and (b), because the transactions giving rise to this Complaint occurred in the Western District of Kentucky and the real and personal property which is the subject of this action is situated in the Western District of Kentucky.

## ALLEGATIONS OF FACT

10.     On February 20, 2020, Hartshorne Holdings, LLC and its affiliated debtors and debtors-in-possession Hartshorne Mining Group, LLC, a Delaware limited liability company, Hartshorne Land, LLC, a Delaware limited liability company, and Hartshorne Mining, LLC, a

Delaware limited liability Company (collectively "Hartshorne) each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Kentucky.

11.    On October 30, 2020, Hartshorne entered into a Purchase and Sale Agreement with Plaintiff Frozen Star Holdings II LLC an affiliate of the Hartshorne's Secured Debtor-in-Possession agent and lender, Tribeca Global Resources Credit Pty Ltd., for the sale of (i) the coal washing plant; (ii) the material handling facility; and (iii) the plate and frame press building and contents used in connection with the Hartshorne Wash Plant and Material Handling Facility ("coal processing plant").

12.    Hartshorne, or their representatives who signed the Agreement, had complete and unrestricted power, capacity and authority to enter into the Agreement.

13.    Plaintiff Frozen Star Holdings II LLC, or its representatives who signed the Agreement, had complete and unrestricted power, capacity and authority to enter into the Agreement.

14.    Hartshorne, or their authorized representatives, signed the Agreement and agreed to be bound by the terms of the Agreement.

15.    Plaintiff Frozen Star Holdings II LLC, or its authorized representatives, signed the Agreement and agreed to be bound by the terms of the Agreement.

16.    The  Agreement addresses the purchase of all coal washing structures and material handling structures affixed to the real property; all apparatus, equipment and appliance used in connection with the operation or occupancy of the coal washing facilities and material handling facilities; the plate and frame press buildings and contents; and all tangible personal property located on and used in connection with the coal washing and material handling facilities.

17.     The intent of the Agreement was for Plaintiff Frozen Star Holdings II LLC to acquire the entire coal processing plant owned by Hartshorne located in McLean County, Kentucky for Four Million Five Hundred Thousand Dollars ($4,500,000.00).

18.     That same day, Hartshorne petitioned the United States Bankruptcy Court for the Western District of Kentucky to authorize the sale of the coal processing plant to Plaintiff Frozen Star Holdings II LLC free and clear of all liens, claims and encumbrances.

19.     On December 1, 2020, Hartshorne and Plaintiff Frozen Star Holdings II LLC amended the Agreement. Hartshorne and Plaintiff Frozen Star Holdings II LLC amended the original Agreement to (1) identify and include all Debtors in these Chapter 11 cases as sellers to the Agreement with respect to the Property subject to this Amendment; (2) amend the definition of Property to add certain causes of action under Chapter 5 of the Bankruptcy Code; (3) amend the Purchase Price to specify that the aggregate consideration being delivered by Buyer under the Agreement consists of a credit bid of Five Million Dollars ($5,000,000.00); and (4) provide that the Sale Order shall convey to Buyer, or its designee, certain causes of action under Chapter 5 of the Bankruptcy Code.

20.     On December 2, 2020, the United States Bankruptcy Court for the Western District of Kentucky approved Hartshorne's sale of the coal processing plant to Plaintiff Frozen Star Holdings II LLC free and clear of all liens, claims and encumbrances.

21.     On December 3, 2020, Hartshorne and Plaintiff Frozen Star Holdings II LLC, or their representative agents, entered into a Bill of Sale concerning the coal processing plant.

22.     The Bill of Sale memorialized the intent of the Agreement between Hartshorne and Plaintiff Frozen Star Holdings II LLC.

23.     Pursuant to Section 7.6 of the Agreement, "[f]ollowing the Closing, [Plaintiff Frozen Star Holdings II LLC], [Plaintiff  Frozen Star Holdings II LLC's] Affiliates and their Representatives shall have reasonable access to the Real Property for the purposes of disassembling and removing the Property, provided, however, that any such removal activities shall be conducted at Buyer's and Buyer's Affiliates' sole risk and at Buyer's and Buyer's Affiliates' sole cost and expense during normal business hours upon reasonable advance notice to Sellers, under the supervision of Sellers' personnel, in compliance with all of Sellers' health, safety and environmental regulations and procedures, and in such a manner as not to interfere with the normal operations of Debtors conducted at the Real Property (other than the Business)."

24.     Section 7.6 of the Agreement further states, "[Plaintiff Frozen Star Holdings II LLC] shall have removed all Property which consists of tangible personal property no later than 180 days following the Closing Date."

25.     The closing of the Agreement occurred through the United States Bankruptcy Court for the Western District of Kentucky's approval of Hartshorne's Joint Chapter 11 Plan of Liquidation.

26.     There is nothing contained in the Agreement that warrants or permits the assessment of storage fees in connection with the removal of the coal processing plant.

27.     Additionally, Section 10.8 of the Agreement states, "This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and permitted assigns."

28.     The purchase of the coal processing plant was subject to the terms and conditions of the Agreement.

5

29.     Pursuant to the terms of the Agreement,  Plaintiff Frozen Star Holdings II LLC was required to have reasonable access to the Real Property for the purposes of disassembling and removing the Property, and Plaintiff Frozen Star Holdings II LLC had 180 days following the Closing Date to remove the coal processing plant purchased under the Agreement.

30.     The Closing Date of the Agreement between Hartshorne and Plaintiff Frozen Star Holdings II LLC was February 23, 2021.

31.     Accordingly, Plaintiff Frozen Star Holdings II LLC was contractually entitled to reasonable access to the coal processing plant between February 23, 2021 and August 22, 2021 for the purposes of removing the coal processing plant.

32.     On January 22, 2021, Hartshorne and Defendant Pollard Management Group of Kentucky, LLC entered into a Purchase and Sale Agreement.

33.     Pursuant to the Purchase and Sale Agreement between Hartshorne and  Defendant Pollard Management Group of Kentucky LLC,  Defendant Pollard Management Group of Kentucky LLC purchased all tangible personal property located on the real property, except the coal processing plant; the real property; and permits.

34.     The real property subject to the Purchase and Sales Agreement between Hartshorne and Defendant Pollard Management Group of Kentucky LLC, is the same real property upon which  Plaintiff Frozen Star Holdings II LLC's coal processing plant is situated.

35.     On June 25, 2021,  Defendant Jason Pollard, through counsel, informed the representative of Plaintiff Frozen Star Holdings II LLC that beginning on August 1, 2021, Defendant Pollard Management Group of Kentucky LLC would begin assessing  Plaintiff Frozen Star Holdings II LLC an arbitrary $40,000.00 per month storage fee associated with  Plaintiff Frozen Star Holdings II LLC's coal processing plant.

36.     The June 25, 2021 correspondence further indicated that no one will be allowed on the property without Defendant Jason Scott Pollard's authorization.

37.     Based on this correspondence,  Plaintiff Frozen Star Holdings II LLC attempted, in good faith, to negotiate with Defendant Pollard Management Group of Kentucky LLC and Defendant Jason Scott Pollard for the removal of the coal processing plant within the temporal deadlines set forth in the Agreement between Hartshorne and  Plaintiff Frozen Star Holdings II LLC.

38.      Plaintiff Frozen Star Holdings II LLC informed  Defendant Pollard Management Group of Kentucky LLC and  Defendant Jason Scott Pollard, through his counsel, that pursuant to the Agreement,  Plaintiff Frozen Star Holdings II LLC was required to have reasonable access to the property up to and including August 22, 2021 for purposes of removal of the coal processing plant.

39.     On July 23, 2021,  Defendant Jason Scott Pollard, through counsel, informed Plaintiff Frozen Star Holdings II LLC that  Defendant Pollard Management Group of Kentucky would begin assessing  Plaintiff Frozen Star Holdings II LLC an arbitrary amount of $1,500.00 per day for each day the coal processing plant remained on the property located in McLean County, Kentucky.

40.     These "storage fees" were not contemplated or referenced in the Agreement between Hartshorne and Plaintiff Frozen Star Holdings II LLC.

41.     On July 27, 2021, representatives of  Plaintiff Frozen Star Holdings II LLC and Energy Technologies, Inc. of Knoxville, Tennessee travelled to the subject property in order to remove nuclear gauges from the coal processing plant and begin dismantling it in order to transport it to its new location in Hico, West Virginia.

42.     On July 27, 2021, representatives of Energy Technologies, Inc. of Knoxville, Tennessee and the Commonwealth of Kentucky's Radioactive Materials Section of Kentucky Radiation Health Branch sought access to the coal processing plant and informed Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and  Defendant Matt Haaga of their contractual agreement with  Plaintiff Frozen Star Holdings II LLC for the purpose of removing the nuclear gauges from the coal processing plant.

43.     On July 27, 2021,  Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga denied representatives of Energy Technologies, Inc. of Knoxville, Tennessee and the Commonwealth of Kentucky's Radioactive Materials Section of Kentucky Radiation Health Branch access to the coal processing plant for the purposes of removal of the nuclear gauges.

44.     Specifically, Defendant Jason Scott Pollard and Defendant Matt Haaga stated that no one would have access to the real property for removal of the nuclear gauges or coal processing plant without paying them Four Thousand Five Hundred Dollars ("$4,500.00").

45.     As a result of  Defendant Jason Scott Pollard and  Defendant Matt Haaga's denial of representatives of  Plaintiff Frozen Star Holdings II LLC and Energy Technologies, Inc. of Knoxville, Tennessee access to the coal processing plant, Defendant Jason Scott Pollard and Defendant Matt Haaga were contacted by the Commonwealth of Kentucky. The Commonwealth of Kentucky informed Defendant Jason Scott Pollard and Defendant Matt Haaga that the nuclear gauges are a public safety and health risk and were required to be removed. Nonetheless, Defendant Jason Scott Pollard and Defendant Matt Haaga continued to refuse representatives of Plaintiff Frozen Star Holdings II LLC and Energy Technologies, Inc. of Knoxville, Tennessee access to the coal processing plant.

46.     On or about August 4, 2021, as a result of Defendant Jason Scott Pollard and Defendant Matt Haaga's denial of representatives of  Plaintiff Frozen Star Holdings II LLC and Energy Technologies, Inc. of Knoxville, Tennessee access to the coal processing plant without prior payment of the arbitrary fees,  Plaintiff Frozen Star Holdings II LLC lost its deal with the contractor contracted for the dismantle, removal and transportation of the coal processing plant.

47.     Again,   Plaintiff Frozen Star Holdings II LLC attempted to negotiate with Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and Defendant Matt Haaga, through their counsel, for access to its coal processing plant in order to remove the coal processing plant within the temporal deadlines sets forth informed in the Agreement.

48.     However, Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga have continued to refuse to provide Plaintiff Frozen Star Holdings II LLC access to its property and the coal processing plant.

49.     As a result of Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and  Defendant Matt Haaga's conduct, Plaintiff Frozen Star Holdings II LLC has been denied reasonable access to the coal processing plant in order to appraise it or remove it to its new location.

50.     Instead, Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga have held Plaintiff Frozen Star Holdings II LLC coal processing plant for ransom at the arbitrary rate of $1,500.00 per day beginning on July 23, 2021.

51.     Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga also requested that Plaintiff Frozen Star Holdings II LLC

provide them with site specific safety plans before allowing Plaintiff Frozen Star Holdings II LLC access to the coal processing plant.

52.    However, in doing so, Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga presented Plaintiff Frozen Star Holdings II LLC with a Hobson's choice. Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga know that  Plaintiff Frozen Star Holdings II LLC cannot provide them with the requested information without selection of a specified date for  Plaintiff Frozen Star Holdings II LLC's access to the property for removal of the coal processing plant.    Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga further know that  Plaintiff Frozen Star Holdings II LLC cannot provide them with a site specific safety plan without prior access to the site where the coal processing plant is situated.

53.    On or about August 25, 2021, Plaintiff Frozen Star Holdings II LLC, again, attempted to negotiate with Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga, through their counsel, for reasonable access to its coal processing plant in order to remove it pursuant to the Agreement.

54.     Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga continued to deny  Plaintiff Frozen Star Holdings II LLC reasonable access to the coal processing plant and provided  Plaintiff Frozen Star Holdings II LLC with an invoice seeking $51,500.00.

55.    Upon information and belief, on September 23, 2021, Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and  Defendant Matt Haaga entered into a verbal agreement with Terry Shanks and Zachary Southard for the sale of the coal

processing plant which  Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and  Defendant Matt Haaga knew was rightfully and legally owned by  Plaintiff Frozen Star Holdings II LLC.

56.     While engaging in the attempted theft of  Plaintiff Frozen Star Holdings II LLC's coal processing plant, on or about September 30, 2021, while the parties continued to negotiate Plaintiff Frozen Star Holdings II LLC's reasonable access to the coal processing plant,  Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and  Defendant Matt Haaga provided  Plaintiff Frozen Star Holdings II LLC with an additional invoice seeking $105,500.00.

57.     As of the filing of this Complaint, Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga seek $197,000.00 in storage fees.

58.     On October 8, 2021,  Plaintiff Frozen Star Holdings II LLC entered into a business relationship or expectancy with Dicken-Russell Contura, LLC for the purchase of the plate and frame press building and contents on the real property that are owned by Plaintiff Frozen Star Holdings II LLC.

59.     On or about October 8, 2021, counsel for Plaintiff Frozen Star Holdings II LLC, Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga negotiated for Plaintiff Frozen Star Holdings II LLC to have access to the coal processing plant on October 12, 2021, for the limited purpose of showing this potential buyer the plate and frame press building and contents on the real property that were owned by  Plaintiff Frozen Star Holdings II LLC.

60.     Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga have refused to allow Plaintiff Frozen Star Holdings II LLC access to its coal processing plant.

61.     Through Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga's wrongful exercise of dominion over Plaintiff Frozen Star Holdings II LLC's property, Plaintiff Frozen Star Holdings II LLC has lost possession and rightful access to its $5,000,000.00 coal processing plant.

62.     As a result of Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga's actions, Plaintiff Frozen Star Holdings II LLC lost its contract with the company charged with the dismantle, removal and transfer of the coal processing plant.

63.     As a result of Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and  Defendant Matt Haaga's actions,  Plaintiff Frozen Star Holdings II LLC lost the ability to finance the coal processing plant as a result of  Plaintiff Frozen Star Holdings II LLC's lack of ability to access the coal processing plant for purposes of conducting an appraisal of the coal processing plant.

64.     As a result of Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga's actions, Plaintiff Frozen Star Holdings II LLC has continued to lose business opportunities. Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga delays in allowing Plaintiff Frozen Star Holdings II LLC access to the coal processing plant have cost us tens of millions of dollars in additional cost and potential lost profits. Plaintiff Frozen Star Holdings II LLC has obtained permits for use of the coal processing plant in Hico, West Virginia. As a result of  Defendant

Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and  Defendant Matt Haaga's conduct,  Plaintiff Frozen Star Holdings II LLC continues to suffer monetary loss, each and every day, resulting from its inability to process coal at its Hico, West Virginia property.

**COUNT I**
**CONVERSION**

65.     Plaintiff Frozen Star Holdings II LLC incorporates by reference the allegations contained in Paragraphs 1-64 of this this Complaint, as if set forth fully herein.

66.     Pursuant to the Agreement and Bill of Sale, Plaintiff Frozen Star Holdings II LLC possesses legal title, dominion and ownership interest over the coal processing plant situated in McLean County, Kentucky.

67.     At all times relevant hereto, Plaintiff Frozen Star Holdings II LLC had the legal right to possess the coal processing plant situated in McLean County, Kentucky.

68.     Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga have refused to allow Plaintiff Frozen Star Holdings II LLC access to the coal processing plant for the purposes of removing, dismantling and transporting it.

69.     Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and  Defendant Matt Haaga have exercised dominion over the coal processing plant legally belonging to  Plaintiff Frozen Star Holdings II LLC and have illegally deprived  Plaintiff Frozen Star Holdings II LLC of its legal right to the  use and enjoyment of the coal processing plant.

70.     Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and  Defendant Matt Haaga have intentionally interfered with  Plaintiff Frozen Star Holdings II LLC's legal right to the  use and enjoyment of the coal processing plant through its refusal to allow  Plaintiff Frozen Star Holdings II LLC and its agents reasonable access to the coal processing plant as contemplated by the Agreement.

71.    On numerous occasions, Plaintiff Frozen Star Holdings II LLC has demanded reasonable access to the coal processing plant for the purpose of removing, dismantling and transporting it pursuant to the terms of the Agreement.

72.     Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga continuously refuse to provide Plaintiff Frozen Star Holdings II LLC reasonable access to the coal processing plant.

73.    Moreover, Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga sought to sell the coal processing plant to a third-party in order to steal it from Plaintiff Frozen Star Holdings II LLC.

74.    As a result of Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga's conduct, Plaintiff Frozen Star Holdings II LLC is now outside of the removal period set forth in the Agreement, which may result in its loss of the subject coal processing plant under the Agreement.

75.     Plaintiff Frozen Star Holdings II LLC has suffered pecuniary loss of its legal right and dominion over the coal processing plant as a direct and proximate cause of Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga's refusal to allow Plaintiff Frozen Star Holdings II LLC access to its coal processing plant.

76.    As a direct and proximate cause of Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga's conduct, Plaintiff Frozen Star Holdings II LLC has suffered damages in excess of the minimum jurisdictional limits of this Court, and is entitled to compensatory damages, contractual damages and attorneys' fees.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

77.     Plaintiff Frozen Star Holdings II LLC incorporates by reference the allegations contained in Paragraphs 1-76 of this Complaint, as if set forth fully herein.

78.     Pursuant to correspondence beginning on June 25, 2021,  Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and  Defendant Matt Haaga had full knowledge of the Agreement entered into between Hartshorne Mining, LLC, Hartshorne Holdings, LLC and  Plaintiff Frozen Star Holdings II LLC for the purchase of the coal processing plant.

79.     As a direct and proximate cause of  Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and  Defendant Matt Haaga's conduct,  Plaintiff Frozen Star Holdings II LLC was not able to remove the coal processing plant within the temporal deadlines set forth in the Agreement.

80.     As a direct and proximate cause of Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga's conduct, Plaintiff Frozen Star Holdings II LLC is currently in breach of the Agreement.

81.     As a direct and proximate cause of Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga's conduct, Plaintiff Frozen Star Holdings II LLC now stands to lose its $5 Million investment in the coal processing plant.

82.     As a direct and proximate cause of Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga's conduct, Plaintiff Frozen Star Holdings II LLC was not able to remove the nuclear gauges from the coal processing plant.

83.     As a direct and proximate cause of Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and Defendant Matt Haaga's conduct, Plaintiff Frozen Star Holdings II LLC has suffered a pecuniary loss and loss of the benefits of its contract with Energy Technologies, Inc. of Knoxville, Tennessee for the removal of the nuclear gauges from the coal processing plant.

84.     As a direct and proximate cause of Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga's conduct, for which there is no privilege or legal justification,  Plaintiff Frozen Star Holdings II LLC has suffered damages in excess of the minimum jurisdictional limits of this Court, and is entitled to compensatory damages, contractual damages and attorneys' fees.

## COUNT III
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

85.      Plaintiff Frozen Star Holdings II LLC incorporates by reference the allegations contained in Paragraphs 1-84 of this Complaint, as if set forth fully herein.

86.     Beginning on or about September 23, 2021 and continuing up to and through, October 13, 2021,  Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and  Defendant Matt Haaga improperly and intentionally interfered with  Plaintiff Frozen Star Holdings II LLC's business relationship and expectancy with Dicken-Russell Contura, LLC by entering into an agreement with a third-party for the sale of the coal processing plant which  Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and  Defendant Matt Haaga knew was rightfully and legally owned by  Plaintiff Frozen Star Holdings II LLC.

87.     As a direct and proximate cause of  Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and  Defendant Matt Haaga's false representations

that they own the coal processing plant and possess the right to sell it,  Plaintiff Frozen Star

Holdings II LLC has been prevented from closing on the sale of the plate and frame press building

and contents.

88.     As a direct and proximate cause of Defendant Pollard Management Group of

Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga's conduct, for which

there is no legal justification,  Plaintiff Frozen Star Holdings II LLC has suffered damages in

excess of the minimum jurisdictional limits of this Court, and is entitled to compensatory damages,

contractual damages and attorneys' fees.

**COUNT IV**
**UNJUST ENRICHMENT**

89.     Plaintiff Frozen Star Holdings II LLC incorporates by reference the allegations

contained in Paragraphs 1-88 of this Complaint, as if set forth fully herein.

90.     Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott

Pollard and Defendant Matt Haaga received and continue to receive things of value in the coal

processing plant to the detriment, burden and expense of Plaintiff Frozen Star Holdings II LLC.

91.     Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott

Pollard and Defendant Matt Haaga have not met the performance obligations outlined in the

Agreement, because they have denied Plaintiff Frozen Star Holdings II LLC reasonable access to

the coal processing plant, while simultaneously charging Plaintiff Frozen Star Holdings II LLC

$1,500.00 per day for access to the processing plant.

92.     Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott

Pollard and Defendant Matt Haaga have been unjustly enriched to the detriment of Plaintiff Frozen

Star Holdings II LLC.

93.     There has been a benefit conferred upon Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga, namely, the value of the coal processing plant, at Plaintiff Frozen Star Holdings II LLC's expense.

94.     There has been a resulting appreciation of the benefit by Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga.

95.     This has resulted in an inequitable retention of the benefit by Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga.

96.     Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga should be required to pay restitution to Plaintiff Frozen Star Holdings II LLC for the unjust enrichment they reaped at the expense of Plaintiff Frozen Star Holdings II LLC in an amount to be determined at trial, plus prejudgment and post-judgment interest, costs expenses and attorneys' fees.

97.     As a direct and proximate result of the wrongful conduct of Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga, Plaintiff Frozen Star Holdings II LLC has suffered damages in excess of the minimum jurisdictional limits of this Court, and is entitled to compensatory damages, contractual damages, and attorneys' fees.

## COUNT V
## CIVIL CONSPIRACY

98.     Plaintiff Frozen Star Holdings II LLC incorporates by reference the allegations contained in Paragraphs 1-97 of this Complaint, as if set forth fully herein.

99.     Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga have corruptly and unlawfully agreed to prevent Plaintiff Frozen Star Holdings II LLC from access to property legally and rightfully belonging to it in order

to charge and extort Plaintiff Frozen Star Holdings II LLC out of hundreds of thousands of dollars for which the Parties have never mutually assented to.

100.    Further, Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga have corruptly and unlawfully agreed to sell Plaintiff Frozen Star Holdings II LLC's legally and rightfully owned coal processing plant to a third-party with full and express knowledge that  Plaintiff Frozen Star Holdings II LLC legally and rightfully owns the coal processing plant and with full and express knowledge that  Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga have no legal interest in the coal processing plant, legal title to the coal processing plant nor legal right to sale  Plaintiff Frozen Star Holdings II LLC's coal processing plant.

101.    Upon information and belief, on September 23, 2021, while Plaintiff Frozen Star Holdings, II, LLC and counsel for Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and  Defendant Matt Haaga were continuing to negotiate for Plaintiff Frozen Star Holdings, II, LLC's access to its coal processing plant, Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and  Defendant Matt Haaga negotiated and entered into a verbal agreement with Terry Shanks and Zachary Southard for the sale of the coal processing plant.

102.    Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga knew the coal processing plant rightfully and legally owned by Plaintiff Frozen Star Holdings, II, LLC.

103.    However, Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and  Defendant Matt Haaga forestalled Plaintiff Frozen Star Holdings, II, LLC from accessing its coal processing plant, while simultaneously attempting to sell said coal

processing plant without permission from Plaintiff Frozen Star Holdings, II, LLC or the legal authority to do such.

104.    As a direct and proximate cause of Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and  Defendant Matt Haaga's conduct, for which there is no legal justification, Plaintiff Frozen Star Holdings II LLC has suffered damages in excess of the minimum jurisdictional limits of this Court, and is entitled to compensatory damages, contractual damages and attorneys' fees.

## COUNT VI
## DECLARATORY JUDGMENT

105.    Plaintiff Frozen Star Holdings II LLC incorporates by reference the allegations contained in Paragraphs 1-104 of this Complaint, as if set forth fully herein.

106.    Plaintiff Frozen Star Holdings II LLC has demanded access to the coal processing plant and rescission of any fees levied during the 180 days Plaintiff Frozen Star Holdings II LLC was contractually entitled to reasonable access to the coal processing plant for its removal.

107.    Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga have rejected and denied Plaintiff Frozen Star Holdings II LLC's demand for access to its coal processing plant and rescission of fees.

108.    Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga owe a duty and obligation to allow Plaintiff Frozen Star Holdings II LLC reasonable access to its coal processing plant without the assessment of any arbitrary fees.

109.    An actual controversy exists between Plaintiff Frozen Star Holdings II LLC and Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga concerning certain provisions of the Agreement.

20

110.    Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, the United States District Court of the Western District of Kentucky may declare the rights between Plaintiff Frozen Star Holdings II LLC and  Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and  Defendant Matt Haaga concerning certain provisions of the Agreement.

**WHEREFORE**, Plaintiff Frozen Star Holdings II LLC demands the following relief:

a.     A declaration that Defendant Pollard Management Group of Kentucky LLC, Defendant Jason Scott Pollard and Defendant Matt Haaga shall permit Plaintiff Frozen Star Holdings II LLC immediate access to its coal processing plant to remove said coal processing plant without the assessment of any fees;

b.     A declaration that  Defendant Pollard Management Group of Kentucky LLC,  Defendant Jason Scott Pollard and   Defendant Matt Haaga must refrain from any action that will adversely affect  Plaintiff Frozen Star Holdings II LLC's ownership interest in the coal processing plant at issue during the course of this litigation.

c.     A judgment in an amount to be determined by the Court, but which includes, compensatory and contractual damages;

c.     Prejudgment and post-judgment interest;

d.     Costs, expenses and attorneys' fees;

e.     Joint and several liability for each of the defendants; and

f.     Any and all such other relief to which Plaintiff Frozen Star Holdings II LLC may appear entitled.

**FROZEN STAR HOLDINGS II LLC**


By: /s/ Randall L. Saunders
Of Counsel


Randall L. Saunders, Esq.
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Avenue, Suite 200
P.O. Box 1856
Huntington, West Virginia  25701
(304) 526-3500 – Telephone
(304) 526-3599 – Facsimile
Email: randy.saunders@nelsonmullins.com
***Counsel for Plaintiff Frozen Star Holdings II, LLC***